**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: December 31 2012**

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 11-36106 |
| | ) | |
| Jan V. Johnston, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 12-3052 |
| | ) | |
| Ericka S. Parker, Trustee, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Jan V. Johnston, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OF DECISION AND ORDER
### GRANTING MOTION FOR SUMMARY JUDGMENT

This adversary proceeding is before the court on Plaintiff's unopposed Motion for Summary Judgment [Doc. # 14]. Plaintiff is the Chapter 7 Trustee in Defendant/Debtor's underlying Chapter 7 case. In her complaint, Plaintiff objects to Defendant's discharge under 11 U.S.C. § 727(a)(6)(A). The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. The court has jurisdiction over this adversary proceeding under 28 U.S.C.

§1334(b) and the general order of reference entered in this district. Proceedings to determine objections to discharge are core proceedings that this court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(J). For the reasons that follow, Plaintiff's Motion will be granted.

## FACTS

The following undisputed facts are set forth in Plaintiff's affidavit. Plaintiff is the trustee in Defendant's underlying Chapter 7 case that was filed on March 12, 2011. Defendant filed for relief under Chapter 7 of the Bankruptcy Code on November 14, 2011. In his Statement of Financial Affairs, Defendant lists garnishments of his funds by Chase Bank and Asset Acceptance. [Case No. 11, 36106, Doc. # 1, p. 27/48].[1] On February 8, 2012, the court entered an order directing Defendant to turn over to Plaintiff on or before February 27, 2012, a copy of garnishment records concerning Chase Bank and Asset Acceptance. To date, Defendant has not provided the documents required under the court's order. The court takes judicial notice of the fact that its February 8, 2012, order was sent by the Bankruptcy Noticing Center to Defendant on February 10, 2012, by first class mail at the address set forth in his bankruptcy petition.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all reasonable inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party.

---

[1] The court takes judicial notice of the contents of its case docket. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

*Id*. Although a party fails to respond to a motion for summary judgment, the court must nevertheless satisfy itself that the moving party has met the demands of Rule 56 before granting the motion. *See Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1992).

**II. 11 U.S.C. § 727(a)(6)(A)**

Under 11 U.S.C. § 727, an individual debtor is entitled to a discharge unless one of the enumerated exceptions to discharge specified in that section is established. The party objecting to the discharge has the burden of proving by a preponderance of the evidence that an exception applies. *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir. 2000). Plaintiff objects to Defendant's Chapter 7 discharge pursuant to § 727(a)(6)(A), which provides that a debtor who "has refused . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify" must be denied a discharge in bankruptcy.

The word "refused" as used in § 727(a)(6)(A) must be distinguished from the word "failed" that is used elsewhere in § 727(a). As a consequence, something more than a mere failure to comply with a court order must be established to deny a debtor's bankruptcy discharge. *Yoppolo v. Freeman (In re Freeman)*, 293 B.R. 413, 415 (Bankr. N.D. Ohio 2002). Courts have determined that the showing necessary to deny a debtor a discharge for refusing to obey an order is the same as that for determining whether to hold a party liable for civil contempt. *Id.*; *Hazlett v. Gorshe (In re Gorshe)*, 269 B.R. 744, 747 (Bankr. S.D. Ohio 2001); *United States v. Richardson (In re Richardson),* 85 B.R. 1008, 1011 (Bankr. W.D. Mo. 1988). In a civil contempt proceeding, three elements must be established: "(1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Freeman*, 293 B.R. at 415-16; *see Smith v. Jordan (In re Jordan),* 521 F.3d 430, 433 (4th Cir. 2008) (stating that the party objecting to discharge satisfies her burden under § 727(a)(6)(A) by demonstrating that the debtor received the order in question and failed to comply with its terms and that such a showing then imposes upon the debtor an obligation to explain his non-compliance).

In this case, notice of the court's February 8, 2012, order requiring Defendant to turn over certain required documents was sent to him by the Bankruptcy Noticing Center on February 10, 2012. "The common law has long recognized a presumption that an item properly mailed was received by the addressee." *Bratton v. Yoder Co. (In re Yoder Co.)*, 758 F.2d 1114, 1118 (6th Cir. 1985). The court also notes from the docket in the underlying Chapter 7 case that neither the court's February 8 order nor any other document sent by the court through the Bankruptcy Noticing Center to Defendant has been returned as undeliverable. Having failed to rebut the presumption of receipt, there is no genuine dispute that

3

Defendant had knowledge of the court's February 8, 2012, order.

As established by Plaintiff's affidavit, there is also no dispute that Defendant violated the order by not turning over to Plaintiff the required documents. And finally, the court's order meets the "specific and definite" requirement as it specifically identifies the documents to be turned over by Defendant and states the date by which they must be provided to Plaintiff. Thus, there is no dispute that Plaintiff has met her burden with respect to each element under *Freeman*.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 14] be, and hereby is, **GRANTED.** A separate final judgment will be entered by the court.

###